UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 23-40227 |
| Jamil Patrick Farhat, | |
| Debtor. | Chapter 7 |

| | |
|---|---|
| J. Richard Stermer, Trustee, | Adv. Proc. No. 23-4063 |
| Plaintiff, | |
| v. | |
| United States of America—<br>Internal Revenue Service, | |
| Defendant. | |

MEMORANDUM DECISION AND ORDER

The Chapter 7 trustee commenced this adversary proceeding to avoid two pre-petition transfers from the Debtor to the IRS. The IRS filed a motion to dismiss the complaint (as amended, the "Motion"). [ECF Nos. 12, 16]. The Trustee opposed the Motion. [ECF No. 17]. The Court held a hearing and appearances were noted on the record. As explained hereinafter, the Motion is granted with respect to Counts I, II and III, but the Trustee will be given 14-days leave to amend the allegations about reasonably equivalent value and constructively fraudulent transfers in the complaint. The Motion is denied with respect to Count IV because the Trustee's allegations about preferential transfers are sufficiently pled in the complaint.

## JURISDICTION

The bankruptcy Court has jurisdiction to hear and determine this dispute pursuant to 28 U.S.C. §§ 157 and 1334. This is an adversary proceeding, as defined in Fed. R. Bankr. P. 7001(1), related to a chapter 7 bankruptcy case, In re Jamal Patrick Farhat, Case No. 23-40227, pending in the U.S. Bankruptcy Court for the District of Minnesota. The Complaint seeks relief pursuant to 11 U.S.C. §§ 544(b), 547, and 548. The matter is thus a "core" proceeding under 28 U.S.C. § 157(b)(2)(F) and (H). The parties affirmatively confirmed their consent to entry of final orders by the bankruptcy Court in this proceeding, as required by Fed. R. Bank. P. 7008 and 7012(b).

## BACKGROUND

Debtor voluntarily commenced his chapter 7 case on February 9, 2023. [Case No. 23-40227, ECF No. 1]. He previously owned multiple businesses and rental properties in Minnesota. [Complaint, ECF No. 1, at ¶¶ 8 and 23]. Several of his business entities have also filed for bankruptcy. [Id. at ¶ 23]. As of the petition date, his scheduled debts included $756,972 in secured claims and $3,023,268 in unsecured claims, and his scheduled assets were valued at $1,555,990. [Id. at ¶ 10].

The parties seem to agree Debtor is indebted to the IRS for his 2022 personal taxes. The IRS filed an amended Proof of Claim in the amount of $190,480.00. [POC 9-2]. Debtor acknowledged his indebtedness by including the IRS in his schedules. [Complaint, ECF No. 1, at ¶12]. In his statement of financial affairs, Debtor also

2

disclosed he made two pre-petition transfers to the IRS totaling $182,500 for his 2022 taxes, on February 3, 2023 and February 6, 2023 (the "Tax Payments"). [Id. at ¶ 11].

The Trustee commenced this adversary proceeding to avoid both Tax Payments, arguing they are constructively fraudulent transfers in violation of 11 U.S.C. § 548(a)(1)(B), and the Minnesota Uniform Voidable Transactions Act, Minn. Stat. §§ 513.44(a)(2) and 513.45(a) ("MUVTA"). [Id. at ¶¶ 17-31]. In the alternative, the Trustee alleged the Tax Payments were voidable preferences under 11 U.S.C. § 547(b). [Id. at ¶¶ 32-35]. The IRS filed the Motion, seeking to dismiss the Complaint in its entirety. [Motion, ECF No. 16-1, at pp. 4-15]. The bankruptcy Court will address each potential basis for dismissal hereinafter.

## DISCUSSION

### The Applicable Pleading Standard

The pleading standard in this matter is set forth in Rule 8, which is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7008. Specifically, Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To avoid dismissal under Rule 12(b)(6) and Fed. R. Bankr. P. 7012(b), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

3

To evaluate plausibility, the Court must take the plaintiff's factual allegations, as opposed to its legal conclusions, as true. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A Court may consider documents attached to or incorporated within a complaint "for all purposes." Brown v. Medtronic, 628 F.3d 451, 459-460 (8th Cir. 2010). And this Court must read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

By contrast, Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires plaintiffs "to plead the who, what, when, where, and how: the first paragraph of any newspaper story." Freitas v. Wells Fargo Home Mtg., Inc., 703 F.3d 436, 439 (8th Cir.2013). If the Trustee had alleged that the Tax Payments were avoidable pursuant to Section 548(a)(1)(A) because Debtor made such transfers with the actual intent to defraud his creditors, then the pleading standard under Rule 9(b) would apply. See, e.g., In re Bernard L. Madoff Inv. Sec. LLC, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011). But Rule 9(b) does not apply to Section 548(a)(1)(B). By definition, an instance of "constructive" fraud is not fraud per se. It is an allegation about the economic effect of a transfer, not the subjective intention of the transferor. The Trustee has only alleged that Debtor received "less than reasonably equivalent value" for the Tax Payments. The Trustee has not alleged the transfer was made with actual intent to defraud. Thus, Rule 9(b) does not apply in this adversary proceeding.

4

### Count I: Dismissal and Leave to Amend Claims under Section 548

The Trustee has not adequately pled constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). In relevant part, Section 548 states:

> (a)(1) The Trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> . . .
>
> (B)(i) <u>received less than a reasonably equivalent value</u> in exchange for such transfer or obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

To survive a Rule 12(b)(6) motion, the Trustee's Complaint must include sufficient factual matter, which if accepted as true, would permit this Court to draw a reasonable inference that the Debtor: (1) made a transfer within two years of the bankruptcy filing; (2) received less than reasonably equivalent value in exchange for the transfer; and (3) was insolvent on the date the transfer was made or became insolvent as a result of the transfer.

The first and third elements of Section 548(a)(1)(B) are adequately pled. The Trustee clearly alleged the Tax Payments were made to IRS a few days before he filed for bankruptcy. [Complaint, ECF No. 1, at ¶ 11]. The Trustee also included specific factual allegations about the value of his debts vs. assets at the time of the Tax Payments, i.e., "balance-sheet insolvency." [<u>Id</u>. at ¶ 10]. But the Complaint does not include any factual allegations related to "reasonably equivalent value" for the Tax

5

Payments. The Complaint states the following legal conclusion, not a factual allegation: "Further, it doesn't appear that Debtor received reasonably equivalent value for transferring the funds to the IRS." (Complaint, ECF No. 1, at ¶ 18). On a motion to dismiss, the Court cannot accept legal conclusions in lieu of factual allegations. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). The Twombly Court unambiguously rejected "formulaic recitations of the elements" of a claim. 550 U.S. at 555. The Iqbal Court referred to such statements as "bare assertions," and confirmed they are "not entitled to be assumed true." 556 U.S. 681. Because there are no factual allegations on the second element of reasonably equivalent value, the Complaint fails to state a plausible claim for relief under Section 548(a)(1)(B). The Motion is granted with respect to Count I.

Rule 15 states "[t]he Court should freely give leave [to amend] when justice so requires," unless the amendment would be futile. See FED. R. CIV. P. 15(a)(2) and FED. R. BANK. P. 7015; Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) ("Futility is a valid basis for denying leave to amend."). Leave is appropriate in this proceeding because the complaint would state a claim on its face pursuant to Section 548(a)(1)(B) if the Trustee had included at least one factual allegation, in addition to its legal conclusion, that the Debtor did not receive "reasonably equivalent value" for making the Tax Payments. The Trustee's responses to the Motion indicate he has a basis for believing that such factual allegations exist. For example, in his responses, the Trustee alleged Debtor improperly reported capital gain income from the sale of four rental properties on his

6

2022 tax return notwithstanding the fact that such properties were sold by the bankruptcy estate in 2023, implying Debtor may have overpaid his 2022 tax obligation. [Opposition, ECF No. 17, at ¶¶ 5-9]. For whatever reason, the Trustee failed to include such factual allegations in the complaint. Regardless, the Court finds it is appropriate to grant leave to amend. The Trustee should add factual allegations to the complaint related to "reasonably equivalent value" under Section 548(a)(1)(B) he deems appropriate. The Court will grant the Trustee 14 days to amend Count I of the complaint.

### Counts II & III: Dismissal and Leave to Amend Claims under MUVTA.

The Trustee has also failed to adequately plead a constructively fraudulent transfer under MUVTA. Akin to Section 548(a)(1)(B), Minn. Stat. § 513.44(a)(2) and § 513.45 ("MUVTA") also require Trustee to allege Debtor did not receive reasonably equivalent value in exchange for the Tax Payments. In this respect, Counts II and III suffer from the same deficiency as Count I. The Trustee asserts a legal conclusion but no factual allegations. Count II states: "Debtor didn't receive any reasonable value for transferring the funds to the IRS, meaning Debtor received less than reasonably equivalent in exchange of the transfer." Count III states, "Debtor received less than reasonably equivalent value in exchange for transferring the funds to the IRS." [Complaint, ECF No. 1, at ¶¶ 24, 30]. Again, the Trustee cannot assert legal conclusions in lieu of factual allegations to satisfy the Iqbal-Twombly pleading standard. The Complaint fails to state a claim under MUVTA, and the Motion is granted with respect to Counts II and III.

7

However, as noted, supra, unless amendment would be futile, "[t]he Court should freely give leave [to amend] when justice so requires." Here, the Trustee's claims under MUVTA fail because he did not provide factual allegations to support his conclusion that Debtor received less than reasonably equivalent value in exchange for the Tax Payments. Again, the Trustee's allegations set forth in the Opposition could have been included in the complaint to assert a plausible claim for relief under MUVTA. Therefore, the Court will grant the Trustee 14 days to amend the complaint to assert a claim for constructively fraudulent transfer under MUVTA.

### Count IV: Voidable Preferences Adequately Pled under Section 547

Section 547(b) authorizes a trustee to avoid "any transfer of an interest of the debtor in property," if the following elements are proven: (1) the transfer was made "to or for the benefit of a creditor"; (2) the transfer was made "on account of an antecedent debt owed by the debtor before the transfer was made"; (3) the debtor was insolvent at the time of the transfer; (4) the transfer was made within ninety days before the petition date; and (5) the transfer enables the creditor to receive more than it would have received in a chapter 7 liquidation. 11 U.S.C. § 547(b). To survive a motion to dismiss, some bankruptcy Courts also require specific factual allegations about the transfer, such as the date and exact amount of the transfer, and the exact name of the transferor and transferees. OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.), 340 B.R. 510, 521-22 (Bankr. D. Del. 2006); see also In re Net Pay Sols., Inc., No. 1-11-BK-05416-MDF, 2013 WL 5550207, at *2 (Bankr. M.D. Pa. Oct. 7, 2013).

For Count IV, the Motion turns on whether the Trustee has adequately pled that the Tax Payments were made "on account of an antecedent debt," as such phrase is used in Section 547(b)(2). "A debt is 'antecedent' if it was incurred before the allegedly preferential transfer." In re Jones Truck Lines, Inc., 130 F.3d 323, 329 (8th Cir. 1997). For determining preference liability only, the Bankruptcy Code specifies that a "debt for a tax is incurred on the day when such tax is last payable without penalty, including any extension." 11 U.S.C. § 547(a)(4).

The Trustee has adequately plead all element of a preference under Section 547, including payments made on account of an antecedent debt. First, the Trustee alleged the IRS was the recipient of the Tax Payments. [Complaint, ECF No. 1, at ¶ 34]. Second, the Trustee alleged the Tax Payments were made because taxes were "due and owing as of December 31, 2022." [Id. at ¶ 34]. Third, the Trustee alleged Debtor was insolvent, and in this case, the Trustee is entitled to a presumption of insolvency under Section 547(f). Fourth, the Trustee alleged the date and amount of the Tax Payments in the Complaint – less than one week before the petition date. Fifth, the Trustee explained the actual claims pool in the Debtor's case, and alleged how the IRS received more from the Tax Payments than it would otherwise receive as a distribution under chapter 7. [Complaint, ECF No. 1, at ¶ 34].

In the responses and replies, the parties offered extensive legal arguments about whether, as a matter of fact or law, the Tax Payments were really paid on account of an antecedent debt. The IRS points to Internal Revenue Code §§ 6151, 6651 for the preposition that there is no antecedent debt for preferential transfer

purposes so long as the tax payment is made by the due date the return is due. According to the IRS, if the Tax Payments were not due or required to be paid until April 28, 2023, then there is no antecedent debt, and the Motion should be granted. On the other hand, the Trustee asserts the Tax Payments, while not actual a tax liability, could qualify as an antecedent debt as an estimated quarterly payment under 26 U.S.C. § 6654, which if not timely paid by April 15, June 15, September 15, or January 15, could result in interest and penalties being assessed against the installment deficiency. These are all arguments for another day. The IRS has filed a 12(b)(6) Motion that hinges on whether the Complaint itself provides "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed.Cir.1993) (explaining that a motion to dismiss challenges the legal theory of the complaint, not the sufficiency of any evidence which may be discovered).

Recall, a complaint has facial plausibility when "the pleaded factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 668. Additionally, Courts must "draw inferences . . . in the light most favorable to the [nonmovant] and construe the complaint liberally." Gowan v. Novator Credit Mgmt., 452 B.R. at 476 (quoting Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (other citations omitted)). With respect to Section 547, the allegations set forth in the complaint are factual. They are not just a recitation of the elements or mere legal conclusions. On a motion to dismiss, they are entitled to be taken as true. And when taken together, they state a plausible

10

claim for relief under Section 547. The Trustee does not need to prove the accuracy of its factual allegations to survive a motion to dismiss, nor must it demonstrate the probability of its success on such claim. <u>Iqbal</u>, 556 U.S. at 678. The Trustee was only required to file a complaint with sufficient factual content to state a plausible claim for relief under Section 547. The Court holds that it has met its burden under Rule 8 and the motion to dismiss Count IV is denied.

### ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Motion is granted with respect to Counts I, II and III.
2. The Motion is denied with respect to Count IV.
3. Trustee is granted leave to amend the Complaint no more than 14 days after entry of this order.

DATED: *May 14, 2024*

*/e/Kesha L. Tanabe*
_____
Kesha L. Tanabe
United States Bankruptcy Judge